## Veno *v.* Veno, Appellant.

Argued March 25, 1954. Before ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*S. Thomas Bulfamonte,* for appellants.

*Leonard F. Markel, Jr.,* for appellee.

PER CURIAM, July 13, 1954:

The judgment of the court below is affirmed upon the following excerpts from the opinion of Judge DANNEHOWER:

"In this trial of a mechanics' lien claim between brothers, the jury rendered a verdict in the claimant's favor for the full amount of the claim, $918.27.

"Defendants have filed motions for a new trial and for judgment n.o.v., alleging the usual reasons, and at the oral argument, pressed one major reason, that the trial judge erred in permitting Plaintiff to reopen his case after defendants had made a motion for a compulsory nonsuit, for the purpose of permitting plaintiff to introduce additional evidence as admitted by the pleadings.

"Plaintiff filed a detailed mechanics' lien claim containing a description of the real estate, the dates when the work began and ended, etc. In the affidavit of defense, all these allegations were admitted and the defense was that there was error in the location of the building; the attic quarters were unsafe; that the materials and workmanship were inferior and dangerous and should be demolished, and that the charges for labor and material were excessive. There were no other defenses in the affidavit of defense.

"When plaintiff had closed his case, defendant moved for a compulsory nonsuit, because a description of the real estate and date of the last work was not introduced in the evidence. Since this omission was an oversight by counsel, the trial judge permitted plaintiff to reopen his case and introduce into evidence these allegations, admitted by the affidavit of defense. Such reopening was purely a matter within the discretion of the trial judge, and we find no error. . . .

"That the verdict was contrary to the law or the weight of the evidence is without merit. Each party had corroborating witnesses concerning the work and materials. Such conflicting evidence raised issues of fact for the exclusive determination of the jury, and we can find no error with the jury's decision."